In the Matter of JOHN C. HOLAHAN, an Attorney, Respondent. WESTCHESTER COUNTY BAR ASSOCIATION, Petitioner.

Second Department, July 23, 1973.

*Alfred D. Fredericks* for petitioner.

*Donald M. Walsh* for respondent.

*Per Curiam.* The respondent was admitted to practice law by the Appellate Division, First Judicial Department, on June 29, 1942. In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the issues were referred for hearing and report.

The petition sets forth four separate charges of professional misconduct. The first charge alleges that in February, 1972 the respondent pleaded guilty in the United States District Court for the Southern District of New York to the offense of failing to file an income tax return. The remaining three charges, each of which involves a different client, allege, in general, that the respondent failed to discharge his professional

duties diligently and, as to one of these charges, failed to comply with an interlocutory judgment of the Supreme Court, Westchester County, which directed him to file an account of moneys received and disbursed on behalf of his clients, resulting in the entry of an order punishing him for contempt.

Mr. Justice McCULLOUGH found that three of the four charges were sustained by the evidence and, in our opinion, the proof adduced at the hearing fully supports these findings of the respondent's wrongdoing. Accordingly, the petitioner's motion to confirm the report is granted.

In determining the measure of discipline to be imposed for the respondent's misconduct, we have given much consideration to the following further findings made by Mr. Justice McCULLOUGH: "The respondent's motive, or lack of it, in all these matters has been most difficult to evaluate. He is and was a respected member of the bar and a respected citizen in his community. * * * It does not appear that the respondent has engaged in any dishonest practice but what has been most frustrating both to the court and to counsel is the fact that he seems to be gripped by an inertia which just prevents him from taking affirmative action." Under all the circumstances, we are of the opinion that the respondent should be and he hereby is suspended from the practice of law for a period of one year, commencing September 1, 1973, and until the further order of this court.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.